UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-CR-~~6088~~-SEITZ
6309

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH RUSSO AND
DOREEN RUSSO,

    Defendants.

## JOINT MOTION FOR PRODUCTION OF WIRETAP APPLICATIONS

Joseph Russo and Doreen Russo, through counsel, move the Court to Order the government to produce the wiretap applications listed below. These wiretap applications are relevant to an analysis of whether the government complied with the requirements of Title III when it made two wiretap applications in January and February of 2000.

### Background

Joseph and Doreen Russo were named in the most recent superseding indictment. As new defendants to the case, this court set a motions deadline of November 19, 2001. One of the issues that is being researched is the admissibility of the transcripts and tape recordings of a 30 day wiretap entered by Judge Dimitrouleas on January 7, 2000 and the extension entered by Judge Dimitrouleas on February 11, 2000.

In support of those two applications, the government submitted the affidavits of FBI Special Agent Patrick Brodsky. Both of those affidavits have been provided to counsel during discovery. The affidavits make reference to prior wiretaps obtained by the

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BOULEVARD, SUITE 1300, MIAMI, FLORIDA 33131 ● (305) 371-6421

-2-

government targeting several co-conspirators, including lead defendant John Mamone. The government has also provided during discovery the wiretap application entered November 16, 1998 and September 23, 1999.

On page 13 of Brodsky's January 13, 2000 affidavit, he makes reference to the following wiretaps:

- November 19, 1998 wiretap by Judge Ferguson targeting John Mamone and others over telephone number 954 295-6672.

- November 12, 1999 wiretap by Judge Ferguson targeting John Mamone, Israel Torres and others over telephone 561 350-5824 and 917 414-7111.

- December 28, 1999 wiretap extension by Judge Ferguson targeting John Mamone, Israel Torres and others over telephone numbers (561) 350-5824 and (917) 414-7111.

On pages 21-22 of Agent Brodsky's wiretap application affidavit of February 11, 2000, he makes reference to the following additional previous wirtaps:

- February 4, 2000 wiretap by Judge Ferguson authorizing the continued interception of John Mamone, Israel Torres and others over telephone numbers (561) 350-5824 and (917) 414-7111.

None of the applications or affidavits supporting them have been provided during the discovery process. AUSA Brian McCormick has advised undersigned that he does not intend to provide them to undersigned for preparation of motions.

## Argument

Every application to intercept telephone conversations must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or be too

dangerous." 18 U.S.C. § 2518(1)(c). To satisfy this "necessity" requirement, the application must be supported by an affidavit that "show[s] why traditional investigative techniques were not sufficient *in this particular case.*" United States v. Kalustian, 529 F.2d 585 (9th Cir. 1976)

After a preliminary review of the applications / affidavits supplied during discovery, it appears that the Russos have a viable challenge to the wiretaps based on the lack of necessity. Prior to the January 7, 2000 wiretap application, the government had already developed a numerous confidential informants who had infiltrated the alleged organization. A number of wiretaps were already in place. In order to fully develop the factual basis for a motion to suppress, undersigned needs to review all of the wiretap applications related to the investigation. Those four additional wiretaps (not yet provided in discovery) undoubtedly reflect additional investigative techniques that were succeeding -- further cutting against the necessity for the Jan. 7 and Feb. 11, 2000 wiretaps.

Accordingly, the Russos request a court order directing the government to provide those materials to undersigned counsel.

Attorney Jayne Weintraub has advised that her client, Joseph Russo, joins in this motion. AUSA Brian McCormick advises that the government opposes the request.

Respectfully submitted,

**BLACK, SREBNICK & KORNSPAN, P.A.**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
305-371-6421; FAX 305-358-2006

By: _____
HOWARD M. SREBNICK, ESQ
Florida Bar Number 919063
Counsel for Doreen Russo

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on _Nov 1_, 2001 a true and correct copy of the foregoing was furnished by mail to:

Brian McCormick, Esq.
Assistant United States Attorney
500 East Broward Boulevard, 7th Floor
Fort Lauderdale, Florida 33394-3002

Jayne Weintraub, Esq.
100 S.E. 2nd Street, Suite 3550
Miami, Florida 33131

John Howes, Esq.
633 S.E. 3rd Avenue, Suite 4F
Ft. Lauderdale, FL 33302

Ana M. Jones, Esq.
Bayside Plaza, Suite 625
330 Biscayne Boulevard
Miami, Florida 33132

Emmanuel Perez, Esq.
2121 Ponce de Leon Boulevard
Suite 290
Coral Gables, FL 33134-5222

Jon May, Esq.
200 East Broward Boulevard, Suite 1200
Ft. Lauderdale, FL 33301

Jeffrey M. Harris, Esq.
One East Broward Boulevard, Suite 1500
Ft. Lauderdale, Florida 33301

Kenneth M. Swartz, Esq.
100 N. Biscayne Boulevard
21st Floor, New World Tower
Miami, Florida 33132

Philip R. Horowitz, Esq.
12651 S. Dixie Highway
Suite 328
Miami, Florida 33156

James Benjamin, Esq.
One Financial Plaza, Suite 1615
Ft. Lauderdale, FL 33394

Joseph S. Rosenbaum, Esq.
2400 South Dixie Highway, Suite 105
Miami, Florida 33133

David Tarlow, Esq.
801 Brickell Avenue
Suite 1901
Miami, Florida 33131-2900

David Rothman, Esq.
First Union Financial Center
200 South Biscayne Blvd.
Suite 2690
Miami, Florida 33131

Brian L. Tannebaum, Esq.
First Union Financial Center
200 South Biscayne Blvd., Suite 2690
Miami, Florida 33131

By: /s/ Howard Srebnick
**HOWARD M. SREBNICK, ESQ.**
Attorney for **Doreen Russo**

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BOULEVARD, SUITE 1300, MIAMI, FLORIDA 33131 ● (305) 371-6421