IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6309-Cr-Seitz

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.

JOSEPH RUSSO,

                    Defendant.

_____/



## <u>MOTION TO MODIFY BOND</u>

       The Defendant, Joseph Russo, by and through undersigned counsel, hereby moves this Honorable Court to modify the existing conditions of pretrial release, based upon the following:

       1.    This matter was heard by this Court during a lengthy Pretrial Detention Hearing held on August 29, 2001.

       2.    After the hearing, the Court denied the Government's motion for pretrial detention and followed the recommendation of Pretrial Services, setting a bond with the following conditions: (1) $150,000 Corporate Surety Bond with a *Nebbia* satisfaction, (2) surrender of all travel documents, (3) maintain gainful employment, (4) report to Pretrial Services twice a week by phone and once a week in person.  All other conditions imposed by the Court were standard.

Case No. 00-6309-Cr-Seitz

3.    Pursuant to an agreement that was reached between the parties, the Defendant **voluntarily offered** to the government the following additional conditions of bond as an act of good faith to secure the defendant's **immediate** release and to avoid an appeal by the government: (1) home confinement with electronic monitoring; (2) relinquished access to the internet; (3) relinquished all telephone lines at home except one line that was monitored for the ankle bracelet; (4) relinquished home fax machine; and (5) relinquished his cell phone.

4.    Joseph Russo suffers from a rare type of Hepatitis C. As shown during the hearing through medical records and supporting documents, Joseph Russo was ready to begin a unique form of chemotherapy treatment at the time of his arrest. Subsequent to his release, he has begun treatment and is responding with great success.

5.    The Government has agreed to the Defendant's continued release, and voluntary surrender, confirming its concurrence that the Defendant has proven that he can be trusted to continue to conduct himself in a proper manner pending sentencing and imprisonment. See, *i.e.*, Plea Agreement, Paragraph 15 (Government agrees to voluntary surrender).

2

Case No. 00-6309-Cr-Seitz

6.     The Defendant has seven (7) grandchildren, ranging in ages from one year to seven (7) years old.  In light of the prison sentence anticipated by the parties (*i.e.*, 60 months), the Defendant will miss the early and formative years of their lives. He loves each of them deeply, and wishes to spend time with them prior to his agreed voluntary surrender in June, 2002.

7.     Joseph Russo entered a plea in this case after months of negotiations with the government. The plea agreement is attached for the Court's convenience (along with a letter written to the government and now made part of the record). The parties have stipulated that barring any unanticipated departures by the sentencing Court, after consulting with the United States Probation Office, the sentencing will be at a **Level Twenty One**.

8.     Plea Agreement paragraph 9, provides that the Government is not required to make certain agreed sentencing recommendations if the Defendant is involved in any misconduct or violation of conditions of release subsequent to his plea. This is an additional circumstance which contributes to the extreme unlikelihood of the Defendant – having come this far in the process – involving himself in any improper conduct pending sentencing.

3

Case No. 00-6309-Cr-Seitz

9.     To further support this motion, undersigned counsel spoke with Iram Ferguson, the  Pretrial Services Officer in charge of supervising Joseph Russo, who stated that Mr. Russo is an exemplary releasee, that he has never had any problems with him whatsoever, and he reminded counsel **to remind the Court**, that these conditions were never requested by their office to begin with.  Further, although it is not the policy of Pretrial Services to request the termination of house arrest, under these circumstances, this officer stated that he has no objection to this modification.

10.     The Defendant has maintained full-time employment since his release, diligently received medical care and  complied with all conditions and requests made of him while on bond.  There is absolutely no risk whatsoever to this modification.  It is proposed that the initial court's Order remain — and that the Court modify the bond to exclude the conditions of home confinement/ house arrest.

11.     Undersigned counsel has conferred with Assistant United States Attorney Fernandez who stated that she  has no objection to the release of the electronic monitoring device, but does have  an objection to the proposed modification without any stated reasons or grounds.

4

Case No. 00-6309-Cr-Seitz

WHEREFORE, for the foregoing reasons, it respectfully prayed that an Order issue granting the requested modification of bond to revert to the initial bond and conditions until such time as the Defendant surrenders to the Bureau of Prisons.

Respectfully submitted,

**JAYNE C. WEINTRAUB, P.A.**
100 S. E. 2nd St., Suite 3550
Miami, FL   33131
Phone:  (305) 374-1818
Facsimile: (305) 358-5917

By:_____
       Jayne C. Weintraub, Esq.
       Florida Bar No. 320382

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by mail this ____ day of March, 2002 to **Brian McCormick, Esq. and Diana Fernandez, Esq., Assistant United States Attorneys**, 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, FL   33394.

By:_____
       Jayne C. Weintraub, Esq.

5

LAW OFFICES OF

# JAYNE C. WEINTRAUB

100 S.E. SECOND STREET
SUITE 3550
MIAMI, FLORIDA 33131
_____
TEL: (305) 374-1818
FAX: (305) 358-5917

February 28, 2002

Brian McCormick, Esq.
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL   33394

      Re:   *United States v. Joseph Russo*
           Case No.  00-6309-Cr-Seitz

Dear Brian:

      This letter confirms our attached plea agreement and the scheduling of a change of plea in this matter for March 8, 2002 at 10:00 a.m..   As we have previously discussed, there are three small matters to clarify.

      1.     Regarding the forfeiture, we have agreed and stipulated that it will be an Order of **Restitution** unless there is an unforseen reason or circumstance in which the house cannot be sold necessitating an Order of Forfeiture.  It is the intent of the Russos to immediately put the house up for sale and  pay the government $130,000 from the proceeds of that sale.

      2.     Regarding paragraph 14, you have stated in good faith, that as of this date, you have no knowledge of any investigation or charges "looming in the wings" whether civil or criminal.  You also have agreed that the language, "by this office" incorporates by reference, all agents and representatives of the United States Attorney's Office.

      3.     I discussed with Diana Fernandez my concerns about the wording of paragraph nine.  Specifically, I refer you to the language on page 5 that begins, "... (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct ..."   I recognize this is standard, boilerplate language in some of your agreements.  Nevertheless, I am concerned about the wording of this paragraph.  I do not want the government to be under the impression that Joe or his wife will be giving any kind of a statement to the government or to the United States Probation Office at

Brian McCormick, Esq.
Assistant United States Attorney
February 28, 2002
Page 2

all. The paragraph simply refers to the process by which the Presentence Investigation Report will determine whether or not the defendant(s) will be given the three point reduction for acceptance of responsibility (3.E). Rather, Benson or I will prepare a written statement on behalf of the client to submit to probation for the purpose of obtaining the three point reduction as contemplated.

4. I have asked you about your position to agree to have the ankle bracelet removed from Joe Russo and you said that you would defer to the Pretrial Services people supervising him. I have personally spoken with Iram Ferguson who related that he has never had any problem whatsoever with Joe complying with any of the restrictions or conditions of the house arrest. Further, he states, and reminds the parties, that Pretrial Services never recommended that he needed to be on house arrest as opposed to a straight bond with the Court.

Please remember there is no court order dictating or requiring him to be on house arrest, that was merely something we offered you to consider so that you did not appeal the Order of Release set by Judge Turnoff. We **voluntarily agreed** for him to be on house arrest, give up access and the use of a computer, give up privacy on his only telephone line and abide by all curfew conditions. None of those conditions were initially **required** or necessary from the Court's view.

You advised me last week that you would take no position on this request. It is our preference that after you confirm my conversation with Mr. Ferguson that you will not object to having this condition removed after the change of plea, so that we will not have to petition the Court for relief.

Thank you for your time and consideration.

Very truly Yours,

JAYNE C. WEINTRAUB

JCW:el

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ(S)(S)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSEPH RUSSO,

        Defendant.

_____/

### PLEA AGREEMENT

    The United States of America and JOSEPH RUSSO (hereinafter referred to as the "defendant") enter into the following agreement:

    1.  The defendant agrees to plead guilty to count 1 of the second superseding indictment, which count charges the defendant with RICO Conspiracy, in violation of Title 18, United States Code, Section 1962(d).

    2.  The United States agrees to seek dismissal of counts 5, 14, and 50 through 53 of the second superseding indictment, as to this defendant, after sentencing.

    3.  The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the

applicable guideline range and impose a sentence that is either more severe or less severe than the guidelines range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release of up to three years, the Court may impose a fine of up to $250,000 and restitution. The defendant also agrees to the entry of a restitution order in the amount of $130,000.

5. As part of this plea agreement, the defendant consents to the entry of a forfeiture order/restitution order in the amount of $130,000, in lieu of a fine. Furthermore, defendant consents to the use of his residence or any other jointly held property as husband and wife (tenancy by the entirety) as the source of funds to satisfy the $130,000. The defendant agrees that he is jointly and severally liable with his wife and codefendant, Doreen Russo, for this amount. In the event that the defendant is unable to satisfy the restitution order prior to sentencing, the defendant agrees, along with his wife, to the entry of a forfeiture judgment in the amount of $130,000.

2

6.   The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

7.   The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8.   The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a.   That the predicate crimes for which the defendant is responsible for under the RICO conspiracy count are money laundering and conspiracy to do so, in violation of Title 18, United States Code, Section 1956, and, collection of an extortionate extension of credit and conspiracy to do so, in violation of Title 18, United States Code, Section 894;

3

b.    That as to the money laundering, the base offense level pursuant to U.S.S.G. 2S1.1 (2000 edition) is 20, with an increase of 1 level for an amount of money in excess of $100,000, but less than $200,000, pursuant to U.S.S.G. 2S1.1(b)(2)(A), for a total offense level of 21;

c.    That as to the extortionate extension of credit, the base offense level pursuant to U.S.S.G. 2E2.1 (2000 edition) is 20;

d.    That there is no readily provable evidence to warrant any increases for specific offense characteristics pursuant to U.S.S.G. 2E2.1 (2000 edition);

e.    That pursuant to U.S.S.G. 3D1.4, two levels would be added to the highest guideline, thereby resulting in an adjusted base offense level of 23;

f.    That the defendant's Criminal History Category is IV; and,

g.    That no fine be imposed in light of the agreed upon forfeiture/restitution.

9.    The defendant understands that any recommendation made by the government is not binding on the Court. The United States agrees that it will recommend at sentencing that the Court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined

4

by the Court. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. The United States agrees that it will not recommend an upward departure from the guidelines as determined by the Court.

11. The government agrees to recommend to the Court, upon the defendant's motion, to consolidate defendant's two pending violations of supervised release, Case Numbers 95-6099-Cr-JAG (Southern District of Florida) and 02-12-T.P.-HUCK (Southern District of Florida), with this matter before the Honorable Patricia A. Seitz, and to recommend to the Court that a nine (9) month sentence be imposed as to both those matters, to be served concurrent with each other but consecutive to the sentence imposed in Case Number 00-6309-Cr-Seitz(s)(s).

12. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Title 18, United

5

States Code, Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which that sentence was determined, unless (1) the sentence exceeds the maximum permitted by statute, (2) the sentence is the result of an upward departure from the guideline range the Court establishes at sentencing, and/or (3) the Court decides not to follow one or more of the sentencing recommendations made pursuant to paragraphs 8, 9 and 11, above. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. The defendant understands that, although the defendant will be sentenced in conformity with the Sentencing Guidelines, by this agreement the defendant waives the right to appeal the sentence on the basis that the sentence is the result of an incorrect application of the Sentencing Guidelines.

13. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or

6

otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The defendant understands and acknowledges,  as previously acknowledged in paragraph 3, above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or  a  recommendation  made jointly by both the defendant and the government.

14.    The government agrees that it will not file additional charges against the defendant involving any matters that are connected or related in any manner to the charges set forth in this Indictment or as to any criminal matters of which this Office is currently aware.

15.    The government agrees to recommend to the Court that the defendant be permitted to self-surrender to the institution designated by the Bureau of Prisons and that the defendant be allowed to surrender after June 1, 2002.  The government will take no position on the defendant's request that the defendant be designated to a minimum security institution.

7

16.   This is the entire agreement and understanding between the United States and the defendant.   There are no other agreements, promises, representations, or understandings.

GUY A. LEWIS
UNITED STATES ATTORNEY

Date: _____          _____
                               J. BRIAN McCORMICK
                               ASSISTANT UNITED STATES ATTORNEY

Date: _____          _____
                               DIANA L.W. FERNANDEZ
                               ASSISTANT UNITED STATES ATTORNEY

Date: _____          _____
                               JOSEPH RUSSO
                               DEFENDANT

Date: _____          _____
                               JAYNE C. WEINTRAUB
                               ATTORNEY FOR DEFENDANT

8